UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KARIM GOLDING,

                Plaintiff,

      -against-

DONALD TRUMP, et al.,

               Defendants.

20-CV-6998 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, currently incarcerated in the Etowah County Detention Center (ECDC) in Gadsden, Alabama, brings this *pro se* action asserting claims arising from his present confinement.[1] For the reasons set forth below, the Court transfers this action to the United States District Court for the Northern District of Alabama.

    Under 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under § 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

---

[1] Plaintiff asserts that the Court has both federal and diversity jurisdiction over his claims. He also invokes a litany of federal statutes, including the Torture Victim Protection Act, Alien Tort Claims Act, Administrative Procedures Act, Declaratory Judgment Act, and other civil rights statutes.

Plaintiff brings this action alleging that he contracted COVID-19 because ECDC officials failed to take the necessary precautions to prevent the virus from spreading. Along with the Etowah County Sheriff, he names as defendants President Trump and a slew of federal agencies and officials. But it is clear that the alleged violations at issue occurred in ECDC. Because Plaintiff does not allege that all of the defendants reside in New York or that a substantial part of the events or omissions giving rise to his claim arose in this district, venue is not proper in this Court under § 1391(b)(1), (2). Plaintiff's claims arose in Etowah County, Alabama, which is in the Northern District of Alabama. *See* 28 U.S.C. § 81. Accordingly, venue lies in the Northern District of Alabama, 28 U.S.C. § 1391(b)(2), and this action is transferred to the United States District Court for the Northern District of Alabama, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the Northern District of Alabama. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  August 31, 2020
        New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge